# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY W. DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-00519-SGC |
| ARBY'S PROPERTIES, LLC, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Bobby W. Davis initiated this lawsuit against Arby's Properties, LLC; Arby's IP Holder, LLC; Arby's Restaurant Group, Inc.; and Inspire Brands, Inc., in the Circuit Court of Jefferson County, Alabama, purporting to assert six causes of action arising out of his March 17, 2021 fall at an Arby's located in Bessemer, Alabama. (Doc. 1-1).[2] The defendants timely removed the action, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).

Presently pending is the defendants' motion for summary judgment. (Docs. 35-37). The motion is fully briefed and ripe for adjudication. (Docs. 38-39). For the reasons stated below, (1) Arby's Properties, LLC; Arby's IP Holder, LLC; and

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 15).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

Inspire Brands, Inc., will be dismissed without prejudice; (2) Arby's Restaurant Group, Inc.'s ("ARG") motion for summary judgment will be granted as to Davis's claims for wantonness and negligent hiring/training/supervision; and (3) ARG's motion for summary judgment will be denied with respect to Davis's negligence claim. The court has also concluded that Counts II, III, IV, and VI are due to be dismissed, but pursuant to Federal Rule of Civil Procedure 56(f), Davis may object to this conclusion within 14 days of the date of entry of this order.

## I.  Standard of Review

Under Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, the non-moving party must go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the case will preclude summary judgment. *Id.* All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

Where, as here, a federal district court has diversity jurisdiction over state law claims, the court must apply the substantive law of the forum state. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Consequently, substantive Alabama law applies to Davis's claims. However, the procedural aspects of the case, including those that relate to whether evidence is legally sufficient to submit an issue to a jury, is a question of federal law. *Harrell v. Wal-Mart Stores E., LP*, No. 2:22-CV-0643-JHE, 2024 WL 1199691 (N.D. Ala. Mar. 20, 2024).

## II. Undisputed Material Facts

At approximately 1:00 p.m. on March 17, 2021, Davis arrived at the Arby's restaurant located at 3990 Methodist Circle, Bessemer, Alabama (the "Restaurant").

(Doc. 1-1 at 7; Doc. 35-1 at 7). As he arrived, Davis noticed an employee cleaning the parking lot. (Doc. 35-1 at 9). He parked, exited his vehicle, and entered the Restaurant through the main entrance. (*Id.* at 8). Davis had no issues entering the Restaurant, and he did not notice anything abnormal. (*Id.*). He walked to the counter and placed a to-go order. (*Id.* at 8-9). While waiting for his order, Davis noticed that the floor was greasy and he had grease on his shoes, causing his feet to slide as he waited. (*Id.* at 9, 11). Though he did not know, he speculated the grease was from employees cooking. (*Id.* at 11).

Davis received his food within five to ten minutes and exited through the same doors through which he entered. (*Id.* at 8). As he exited, Davis "came into contact with a wet and/or greasy substance on the floor, which caused him to fall." (Doc. 1-1 at 7; Doc. 35-2 at 3). During his deposition, Davis stated that as he walked towards the exit, he "slipped and fell" after his feet started "slipping and sliding." (Doc. 35-1 at 10). At that point, Restaurant employees came and told him to stay down, but Davis told them he could not because he was lying in water. (*Id.* at 9).

Davis does not know how the water came to be on the floor, but he believes it may have leaked from a hose hooked up in the nearby restroom and being used by an employee to clean the parking lot. (*Id.* at 10). As Davis rose off the floor, he saw the water hose and the employee putting out a wet floor sign. (*Id.*). There was no signage indicating the floor was wet before Davis fell. (*Id.* at 9). When Davis arrived,

4

there was no hose coming from the Restaurant bathroom, and the floors at the entrance were not greasy. (*Id.* at 10).

Although Davis does not know what caused his fall, he believes it was caused by a combination of the grease and water on the floor. (*Id.* at 11). Davis knew both that the grease caused his feet to slide around on the floor while waiting on his food and that grease was on his shoes. (*Id.*).

Before this incident, Davis had fallen several other times around his house because his left leg would give out. (*Id.* at 29). In 2014, which was the last time Davis remembers falling, he began using a cane to walk long distances. (*Id.*). He did not use a walker or cane when he visited the Restaurant during this incident because he was not walking a long distance. (*Id.*).

Arby's IP Holder; LLC, Arby's Properties, LLC; and Inspire Brands, Inc., had no role in the management, ownership, leasing, maintenance, or operation of the Restaurant. (Docs. 35-3, 35-4, 35-5). Further, none of these entities were involved in the hiring, training, or employment of any employees of the Restaurant. (*Id.*).

Davis filed suit on March 15, 2023. (Doc. 1-1 at 2). His complaint states the following six counts: (1) negligence and wantonness; (2) premises liability; (3) negligent failure to warn; (4) respondeat superior and agency; (5) negligent/wanton hiring, supervision and training; and (6) fictitious parties. (Doc. 1-1 at 3-14).

### III.  Analysis

#### A.  Dismissal of Arby's Properties, LLC; Arby's IP Holder, LLC; and Inspire Brands, Inc.

The defendants argue that Arby's Properties, LLC; Arby's IP Holder, LLC; and Inspire Brands, Inc., should be dismissed because they had no role in the management, ownership, leasing, maintenance, or operation of the Restaurant. (Doc. 37 at 19). Davis agrees these parties should be dismissed but asks that they be dismissed without prejudice. (Doc. 38 at 11). The defendants did not address this request in their reply brief other than to acknowledge Davis's concession. The court interprets Davis's request as a motion to dismiss under Federal Rule of Civil Procedure 41(a)(2).

The Eleventh Circuit has consistently held that Rule 41(a) permits the dismissal of actions, not claims. *See Weinstein v. 440 Corp.*, No. 23-13807, 2025 WL 2092034 (11th Cir. July 25, 2025). An "action" denotes a lawsuit, civil proceeding, or the entire controversy; a "claim" refers to a particular demand for money, property, or a legal remedy. *Id.* Consequently, Rule 41(a) does not allow a plaintiff "to pick and choose, dismissing only particular claims within an action," "and any attempt to use Rule 41(a) to dismiss anything less than the entire action will be invalid." *Id.* (internal citations and quotations omitted, alterations adopted). The Eleventh Circuit does recognize an exception to this rule: a plaintiff may voluntarily dismiss less than the entire action so long as he dismisses all claims

6

against a defendant so that the defendant is dismissed in its entirety. *Id.* "A single plaintiff *or* a single defendant may be dismissed from a lawsuit pursuant to Rule 41(a) if (and only if) all claims involving the dismissed party are also dismissed." *Id.*

Because Davis requests to dismiss Arby's Properties, LLC; Arby's IP Holder, LLC; and Inspire Brands, Inc., in their entirety, which is permissible under Rule 41(a)(2), these defendants will be dismissed without prejudice.

### B. Count I in Part (Wantonness) and Count V (Negligent Hiring/Training/Supervision)

ARG contends it is entitled to summary judgment on Davis's claims for wantonness and negligent hiring/training/supervision. In response, Davis states that his counsel has reviewed the applicable law and evidence and agrees the motion for summary judgment is due to be granted on these claims. (Doc. 38 at 11). He asks, however, that the court dismiss these claims without prejudice "as evidence may be discovered prior to or during trial that would satisfy [his] evidentiary burden with regard to each of these claims." (*Id.*). ARG did not address this request in its reply brief.

As explained above, Davis may not pick and choose which claims to dismiss against a single defendant. The use of Rule 41(a) in this manner is invalid, and other than an amended complaint, the court is aware of no other mechanism by which Davis may voluntarily drop these claims at this stage of the proceedings. Further,

7

Davis's request is based on the possibility of further discovery of evidence. Here, however, discovery has closed,[3] and Davis has no further opportunity to obtain evidence regarding the claims in this matter. Because the parties agree there is no material issue of disputed fact that impacts Davis's claims for wantonness and negligent hiring, training, and supervision, ARG is entitled to summary judgment on these claims. (*See* Doc. 37 at 14-18; Doc. 38 at 11).

    C.    **Count I in Part (Negligence)**

"The elements of negligence in a premises liability case in Alabama 'are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages." *Harrell*, 2024 WL 1199691 at *3. Here, ARG concedes Davis was a business invitee at the Restaurant. As the premises owner, ARG owed Davis the "'duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to [ARG] but that are hidden or unknown to [Davis].'" *Id.* (quoting *Byrne v. Fisk*, 385 So. 3d 973 (Ala. 2023)). Nevertheless, "'[t]he owner of a premises . . . is not an insurer of the safety of his invitees . . . and the principle of *res ipsa loquitur* is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.'" *Id.* (quoting *Ex parte City of Muscle Shoals*, 257 So. 3d 850, 857 n.2 (Ala. 2018)).

---

[3] The deadline to conduct discovery expired on September 2, 2024. (Doc. 23).

Because an invitor's liability rests upon its superior knowledge of hazards on its premises, "if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980). "The duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Sessions v. Nonnenmann*, 842 So. 2d 649, 652 (Ala. 2002). A plaintiff who knows of the danger is barred from recovery. *Daniels v. Wiley*, 314 So. 3d 1213 (Ala. 2020).

In *Daniels*, the plaintiff slipped, fell, and broke both knees as she was walking down a muddy sidewalk in her apartment complex. She admitted she had previously observed mud in that area when it rained. At summary judgment, the defendant argued the plaintiff's knowledge of the mud precluded her recovery, but the plaintiff asserted her knowledge should not preclude recovery because the defendant should have anticipated the mud was likely to cause an injury. The trial court granted summary judgment, and the Alabama Supreme Court affirmed. *Id.* at 1225. The Court explicitly rejected the plaintiff's argument that the defendant should be liable notwithstanding her knowledge of the mud. *Id.* The Court reaffirmed Alabama precedent holding that an invitor does not owe an invitee a duty to warn about a condition of which the invitee is already aware, and it expressly overruled prior cases that held to the contrary. *Id.*

ARG thus argues that Davis's knowledge of the greasy floor and grease on his shoes, as well as his prior history of falls and balance issues, prevents him from recovering damages in this action. Davis, however, responds that the grease was not the sole factor in his fall. Instead, he fell when he slipped in the standing water at the Restaurant entrance that appeared while he was waiting for his to-go order. ARG replies that the added water does not negate Davis's knowledge of the greasy floor.

As the party seeking summary judgment, ARG must demonstrate there is no genuine issue of material fact. It has not done so. Viewed in the light most favorable to Davis, a reasonable jury could conclude that even though the floors were greasy, Davis had no trouble walking back across the Restaurant until he slipped and fell in water that accumulated during his time inside the Restaurant because of the actions of one of ARG's employees. Davis testified he did not know that water was present until after he fell and discovered himself lying in a puddle. Notably, ARG does not argue that this water constitutes an open and obvious danger which would preclude Davis's recovery. Further, the cases which ARG cites are inapplicable here because in each case, there was no question as to the cause of the injury. *Daniels*, 314 So. 3d 1213 (plaintiff slipped in mud on a sidewalk); *Owens v. Nat'l Sec. of Ala., Inc.*, 454 So. 2d 1387 (Ala. 1984) (darkness caused plaintiff to trip over a forklift he could not see); *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737 (Ala. 2009) (plaintiff tripped over two unopened cases of merchandise which she did not see). Here, the parties dispute

10

what caused Davis's fall: ARG insists it was the greasy floor while Davis contends it was water at the exit. This is a disputed issue of material fact that must be resolved by a jury. Accordingly, ARG's motion for summary judgment will be denied as to Davis's claim for negligence.

### D. Count II (Premises Liability) and Count III (Negligent Failure to Warn)

Counts II and III appear to simply restate Count I's negligence claim. The court has located no Alabama state law recognizing a distinct claim for premises liability or negligent failure to warn. *See, e.g.*, *Deere & Co. v. Grose*, 586 So. 2d 196, 198 (Ala. 1991) (stating that the elements of negligent failure to warn in the context of products liability are the same as negligence—duty, breach of duty, proximate cause, and injury). Accordingly, these counts are due to be dismissed.

Davis may object to this conclusion within 14 days of the entry date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 56(f) (a court may enter judgment on grounds not raised by a party after giving notice and a reasonable time to respond). If he does not file a timely objection citing Alabama authority recognizing an independent cause of action for premises liability and negligent failure to warn, the court will dismiss Counts II and III.

### E. Count IV (Respondeat Superior and Agency)

Neither party addresses Count IV for Respondeat Superior and Agency. Nevertheless, Count IV is due to be dismissed as a matter of law because Alabama

does not recognize a standalone cause of action for *respondeat superior*. Instead, *respondeat superior* is a doctrine under which a plaintiff may recover against an employer defendant for an employee's negligent or wanton conduct when the employee was acting within the scope of his or her employment. *Pickens v. Guy's Logging Co.*, No. 7:16-CV-01742-JHE, 2018 WL 3732686, at *3 (N.D. Ala. Aug. 6, 2018). While the *respondeat superior* doctrine could potentially extend liability for some employee's actions to ARG, Davis cannot assert a standalone claim for *respondeat superior*.

Davis may object to this conclusion within 14 days of the entry date of this Memorandum Opinion. *See* Fed. R. Civ. P. 56(f) (a court may enter judgment on grounds not raised by a party after giving notice and a reasonable time to respond). If he does not file a timely objection citing Alabama authority recognizing an independent cause of action for *respondeat superior* and agency, the court will dismiss Count IV.

      F.    **Count VI (Fictitious Parties)**

Davis's complaint also states a count for "fictitious defendants," but this is simply a restatement of Count I against fictitious parties. (Doc. 1-1 at 13). The court has located no Alabama authority permitting a specific cause of action for fictitious parties. Instead, Alabama Rule of Civil Procedure 9(h) permits a plaintiff to designate a fictitious opposing party if the plaintiff is ignorant of the name of the

opposing party. There is no such corresponding federal rule. *See* Fed. R. Civ. P. 9; *see also Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (explaining that fictitious party pleading is not generally allowed in federal court unless the description of the defendant is so specific that service could be made on the individual).

Davis does not describe the eighteen fictitious parties with enough particularly to serve those individuals or corporate entities. (*See* Doc. 1-1 at 3-4). Further, he has not sought to substitute any specific party for the fictitious parties. Accordingly, Count VI is due to be dismissed.

Davis may object to this conclusion within 14 days of the entry date of this Memorandum Opinion. *See* Fed. R. Civ. P. 56(f) (a court may enter judgment on grounds not raised by a party after giving notice and a reasonable time to respond). If he does not file a timely objection citing Alabama authority recognizing an independent cause of action for fictitious parties, the court will dismiss Count VI.

### IV. Conclusion

For the foregoing reasons, Arby's Properties, LLC; Arby's IP Holder; and Inspire Brands, Inc., are **DISMISSED WITHOUT PREJUDICE** per the agreement of the parties**.** ARG's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 36). Because Davis agrees there is no genuine issue of material fact concerning his claims for wantonness and negligent

hiring/training/supervision, ARG's motion for summary judgment is **GRANTED** with respect to Count I (wantonness) and Count V (negligent hiring/training/supervision). (Doc. 36). Because genuine issues of material fact exist regarding the cause of Davis's fall, ARG's motion for summary judgment is **DENIED** with respect to Count I (negligence). (Doc. 36).

The court has concluded that Counts II, III, IV, and VI are due to be dismissed. To the extent Davis can provide the court with authority to the contrary, he must do so within **14 days** of the date of this order. If he does not do so, or if he notifies the court he does not object, the court will dismiss these claims.

**DONE** this 24th day of September, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE